IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rachael Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>Merits Health Products, Inc. and United Seating and Mobility, L.L.C., d/b/a Numotion,<br><br>    Defendants. | C.A. #: 6:24-cv-941-BHH<br><br>**BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MERITS HEALTH PRODUCTS, INC.'S MOTION FOR RELIEF FROM ENTRY OF DEFAULT AND MOTION TO QUASH SERVICE** |

Defendant Merits Health Products, Inc. (hereinafter "Merits"), files this Brief and Memorandum of Law in Support of its Motion to Set Aside Default and Motion to Quash Service, showing the Court the following points and authorities:

### **KEY PROCEDURAL HISTORY**

On February 23, 2024, Plaintiff filed her Complaint in this matter. (ECF No. 1). On February 26, 2024, a Summons was issued by the Deputy Clerk of Court indicating Merits address to be 4245 Evans Ave. Fort Myers, Florida 33901. (ECF No. 2.) On March 5, 2024, Plaintiff's counsel filed an Acceptance of Service for Merits indicating Merits was served by certified mail delivery to its registered agent for service Incorp Services, Inc. ("Incorp. Services"), who accepted service of process on March 1, 2024. (ECF No. 5). The address for Incorp Services on the certified mail certificate is 317 Ruth Vista Road Lexington, South Carolina 29073. The filed return **does not reflect** restricted service.

On March 25, 2024, Plaintiff filed a Request for Entry of Default as to Merits. (ECF No. 7). That same day, an Entry of Default as to Merits was entered by the Clerk of Court. (ECF No. 8). On March 27, 2024, Plaintiff filed a Motion for Default Judgment as to Merits. (ECF No. 9).

On April 4, 2024, Plaintiff served Merits with the Motion for Default Judgment through Incorp Services, again via certified mail at the 317 Ruth Vista Road Lexington, South Carolina 29073 address. (ECF No. 16). This Motion follows.

## STATEMENT OF MATERIAL FACTS

Contrary to Plaintiff's filings[1], Merits never received notice of service of process from Incorp Services or anyone else. (Declaration of Todd Aiazzone[2] (the "Aiazzone Dec."), ¶¶ 19-20). In fact, **Merits was unaware this action existed until June 24, 2024**. (Aiazzone Dec., ¶¶ 13-14). Mr. Aiazzone is the Merits employee would be made aware of receipt of service of process. (*Id.*, ¶ 14). Instead, Plaintiff purportedly effectuated service upon Merits via delivery of certified mail to Incorp Services. (ECF No. 5). Merits' most knowledgeable and experienced employee with respect to handling to service of legal papers was completely unaware of any relationship between Merits and Incorp Services. (Aiazzone Dec., ¶¶ 6, 14-19). As a result, Merits believed communications received from Incorp Services to be fraudulent, spam, other malicious activity and not legitimate notice of receipt of service of process. (Aiazzone Dec., ¶ 19).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults . . .." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in

---

[1] Merits makes no attempt to cast aspersions upon Plaintiff or her counsel for this confusion.

[2] A true and correct copy of the Aiazzone Declaration is attached hereto as **Exhibit "1"**.

favor of setting aside the default so that the case may be heard on the merits."). The decision to set aside an entry of default is "committed to the sound discretion of the trial court." Lolatchy, 816 F.2d at 954. To be clear, "the standard for good cause under Rule 55(c) for relief from entry of default is more liberal than the standard for relief from judgment under Rule 60(b)." Miller v. Clear Channel Communs., Inc., C.A. 6:07-89-HMH, 2007 U.S. Dist. LEXIS 67576, 2007 WL 2692180, at *2 (D.S.C. Sept. 12, 2007) (cleaned up).

The Fourth Circuit has identified several factors that a court should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). The most important two factors are the party in default acting with reasonable promptness and a meritorious defense. "Traditionally, relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (internal punctuation omitted). When considering these factors, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

## ARGUMENT

The Court should quash Plaintiff's service of Merits because it was not properly restricted delivery and/or grant Merits' Motion to Set Aside Default and vacate the Entry of Default against Merits because: (1) Merits demonstrates mistake and/or excusable neglect in failing to respond to

Plaintiff's Complaint and reasonable promptness upon discovering this mistake, (2) Merits has meritorious defenses to Plaintiff's claims, (3) setting aside default is not prejudicial to Plaintiff, (4) there is no history of dilatory action, and (5) there is no basis to sanction Merits here, let alone impose the sanction of default. Merits further supports this Motion with the Brief in Support filed herewith.

## I. The Court Should Quash Plaintiff's Purported Acceptance of Service.

Merits also moves to quash Plaintiff's purported service of Merits. (*See* ECF No. 5). "A court must have personal jurisdiction over a defaulting party before it can render a default judgment. Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." Bone, *infra*, 2022 U.S. Dist. LEXIS 25921, at *7 (D.S.C. Feb. 14, 2022) (cleaned up). "[A]ny default judgment may be set aside if the defendant 'demonstrates to the court that the return receipt was signed by an unauthorized person.'" *Id.*, 2022 U.S. Dist. LEXIS 25921, at *9, quoting Roche v. Young Bros. of Florence, 318 S.C. 207, 456 S.E.2d 897, 900 (S.C. 1995) (quoting Rule 4(d)(8), SCRCP)).

Fed. R. Civ. P. 4(h)(1)(A) authorizes service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(e)(1) authorizes service by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located". Rule 4(d)(8), SC RCP, authorizes service by certified mail. However, service by certified mail pursuant to Rule 4(d)(8), SC RCP, must be via restricted delivery. Rule 4(d)(8), SC RCP, provides, in pertinent part:

> Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, **return receipt requested and delivery restricted to the addressee**.

(emphasis added). "SCRCP 4(d)(8) and the Supreme Court of South Carolina's interpretation of the rule in *Roche* clearly states that **restriction to the addressee is required** for service to be proper." Bone v. Dick's Sporting Goods, Inc., C/A 3:20-cv-02856-JMC, 2022 U.S. Dist. LEXIS 25921, at *12 (D.S.C. Feb. 14, 2022) (emphasis added), quoting Craig v. Glob. Sol. Biz LLC, C/A 2:19-cv-00187-DCN, 2020 U.S. Dist. LEXIS 18293 (D.S.C. Feb. 3, 2020).

Plaintiff's purported Acceptance of Service (ECF No. 5) reflects that service was via only certified mail. The box below it, indicating "Restricted Delivery", is categorically not checked or indicated. A picture of the applicable mail receipt is set below. In that photo, the line or box indicating mailing via "Restricted Delivery" is circled in red for the Court's reference. That box is plainly unmarked and, instead, the box for regular Certified Mail is the only box marked.

Also of note is the signature. Where the signature is illegible, the Court is not authorized to find or apply any kind of substantial compliance with Rule 4(d)(8). *See* Bone, *id.* ("a proper finding of service … is further impeded as a result of the illegible signature and address on the postal receipt.") Bone then cites a multitude of other cases reaching the same conclusion.

the signature of the individual who accepted service is illegible, which prevents the Court from making this determination." (internal and external citation omitted)); *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-cv-1391-S-BN, 2019 U.S. Dist. LEXIS 194229, 2019 WL 5790516, at *9 (N.D. Tex. Oct. 7, 2019) ("The return of service shows an **illegible signature** . . . the 'address of recipient' field on the signed service form is incomplete . . . because it is **impossible to discern the identity of the person who signed the citation**, . . . there is no indication in the record that a registered agent . . . was ever served."; *Joe Hand Promotions, Inc. v. Koda*, C/A No. 2:14cv623-MHT, 2016 U.S. Dist. LEXIS 84265, 2016 WL 3563288, at *3 (M.D. Ala. June 29, 2016) ("Here, Joe Hand's only evidence that service on Club BTS was perfected is a certified-mail receipt with an **illegible signature**."

*Id.* at * 13 (emphasis added) (cleaned up).

In keeping with the clear law of South Carolina interpreting Rule 4(d)(8), SC RCP, and the case law applying this Rule in state and federal courts – and those applying similar rules – the Plaintiff's purported Acceptance of Service is insufficient to establish valid service due to both a failure to mail via restricted delivery and because the signature is illegible.

## II. The Court Should Grant Merits Relief From The Entry of Default.

Assuming, without admitting, that Plaintiff's purported service upon Incorp Services was proper, the Court should still grant Merits relief from default as the failure to respond to the Complaint was Merits' fault, but solely due to a simple and honest mistake by internal employees who did not understand the relationship between Merits and Incorp Services. (Aiazzone Dec., ¶¶ 13-19). At bottom, this kind of mistake should not be held against Merits and is a clear basis to set aside the entry of default and allow Merits to appear and defend this case on the merits.

### A. Merits' Failure to Respond to Plaintiff's Complaint Was an Honest and Excusable Mistake.

The reason Merits has never appeared and responded to Plaintiff's mistake due to simple clerical oversight and an honest misunderstanding. Mr. Aiazzone is Merits' most knowledge and experienced employee in handling and responding to legal suits. (Aiazzone Dec., ¶ 14). Until this

lawsuit arose, he was not aware of any relationship between Merits and Incorp Services nor had he ever had any reason to deal with Incorp Services previously. (*Id.*, ¶¶ 16-18). The mistake in service is a truly honest misunderstanding. "[A]ny doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief, in light of the court's strong policy of determining cases on their merits and the attendant 'disfavor' with which defaults are viewed." Bone, 2022 U.S. Dist. LEXIS 25921, at *14, quoting Joe Hand Promotions, Inc. v. Koda, C/A No. 2:14-cv-623-MHT, 2016 U.S. Dist. LEXIS 84265, 2016 WL 3563288, at *3 (M.D. Ala. June 29, 2016) (citing In re Worldwide Web Systems, 328 F.3d 1291, 1295 (11th Cir. 2003)).

### B. Merits Has Acted With Reasonable Promptness.

When courts consider the reasonable promptness factor, they do so beginning at the time the defaulting party learned of the lawsuit and not necessarily at the time at which it was served. "Courts also look to when the defaulting party responded to the entry of default and opposing party's motion for default judgment." Nilkanth LLC v. Fortegra Specialty Ins., No. 2:22-cv-04566-DCN, 2023 U.S. Dist. LEXIS 35750, at *8 (D.S.C. Mar. 2, 2023).

The actual date from which to evaluate Merits' promptness in filing this Motion is June 24, 2024 – the date on which Merits' employee Mr. Aiazzone reviewed the docket for this action and realized there were allegations that Plaintiff had served Merits with process. (*See* Aiazzone Dec., 13). Merits has moved especially promptly upon learning of the Entry of Default on June 24, 2024.

### C. Merits Has Meritorious Defenses to Plaintiff's Claims.

Plaintiff's Complaint asserts a products liability claim. (*See* Complaint at VI, ECF No. 1, pp. 6-8). "A products liability case may be brought under several theories, including strict liability, warranty, and negligence." Small v. Pioneer Mach., Inc., 329 S.C. 448, 462, 494 S.E.2d 835, 842 (Ct. App. 1997).

> [R]egardless of the theory on which the plaintiff seeks recovery, he must establish three elements: (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) that the product at the time of the accident was in essentially the same condition as when it left the hands of the defendant.

Id. at 462-63, 494 S.E.2d at 842.

"[U]nder a negligence theory, the plaintiff bears the additional burden of demonstrating the defendant (seller or manufacturer) failed to exercise due care in some respect, and, unlike strict liability, the focus is on the conduct of the seller or manufacturer, and liability is determined according to fault." Bragg v. Hi-Ranger, Inc., 319 S.C. 531, 539, 462 S.E.2d 321, 326 (Ct. App. 1995). Further, "liability may be imposed upon a manufacturer or seller notwithstanding subsequent alteration of the product when the alteration could have been anticipated by the manufacturer or seller . . . ." Small, 329 S.C. at 466, 494 S.E.2d at 844. Glenn v. 3M Co., 440 S.C. 34, 52-53, 890 S.E.2d 569, 578-80 (Ct. App. 2023).

South Carolina does not recognize the doctrine of res ipsa loquitur. See Crider v. Infinger Transp. Co., 248 S.C. 10, 16, 148 S.E.2d 732, 734-735 (1966) ("It is elementary that in order for a plaintiff to recover damages there must be proof, not only of injury, but also that it was caused by the actionable negligence of the defendant. It should be kept in mind that the doctrine of [r]es ipsa loquitur does not apply."). Graham v. Town of Latta, 417 S.C. 164, 186-87, 789 S.E.2d 71, 82 (Ct. App. 2016).

Plaintiff's Complaint against Merits sounds in strict liability and negligence. Both theories require Plaintiff to show an injury by the product, that the injury occurred because the product was in a defective condition which was unreasonably dangerous to the user and that the product at the time of the accident was essentially in the same condition as when it left the hands of Merits. Additionally, under the negligence theory, Plaintiff has the additional burden to show Merits failed

to exercise due care in some respect. As South Carolina does not recognize the doctrine of res ipsa loquitur, it is not enough for Plaintiff to assert she was injured when the chair allegedly fell apart. Instead, Plaintiff has the burden to establish the necessary elements of her claims through written discovery and deposition testimony. Here, Merits and Plaintiff have not engaged in any part of the discovery process. Plaintiff and Merits have not had the opportunity to review the facts and information to support Plaintiff's claims. Specifically, Merits denies knowledge of prior similar incidents or alleged failures involving the model Plaintiff identifies in her Complaint. (Aiazzone Dec., ¶ 21(a) – 21(b)). Merits prays this Court set aside the entry of default and allow the parties to engage in discovery and dispose of this case on its merits.

### D. Plaintiff Would Not Be Prejudiced By This Court Setting Aside The Entry Of Default As To Merits.

There is no prejudice where a plaintiff must try the case on the merits, or the fact that a plaintiff's possible recovery would be delayed. See Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (finding no prejudice to plaintiff "beyond that suffered by any party which loses a quick victory"). "'Delay in and of itself does not constitute prejudice to the opposing party," and 'no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court.'" Nilkanth, 2023 U.S. Dist. LEXIS 35750, at *11-12 (cleaned up), quoting Colleton Prep. Academy, Inc. v. Hoover Universal, 616 F.3d 413, 418-19 (4th Cir. 2010).

Here, Plaintiff would not be prejudiced by this Court setting aside the Entry of Default. This case has not yet developed beyond the initial pleadings. If the Court were to set aside the Entry of Default as to Merits, the case could resume on a typical course. In that case, the defendant in default "would be more severely prejudiced by being precluded from defending Plaintiffs'

claims against it on the merits." <u>Rosenberg v. Lexington Ins. Co.</u>, C/A 4:08-0529-TLW-TER, 2009 U.S. Dist. LEXIS 141325, at *16 (D.S.C. Mar. 19, 2009).

### E. There Is No History Of Dilatory Action By Merits.

"Failing to timely answer a summons and complaint does not alone establish a [*14] history of dilatory action." <u>Nilkanth</u>, 2023 U.S. Dist. LEXIS 35750, at *13-14. There are few instances of dilatory actions by a party seeking to set aside default. Merits has moved within days of learning of the purported default on June 24, 2024. In fact, this analysis usually cursory. "There are no other instances of dilatory conduct on the part of [the party seeking relief from default]." <u>Rosenberg</u>, 2009 U.S. Dist. LEXIS 141325, at *17.

### F. There Is No Basis To Sanction Merits And Thus There Is No Need To Consider Lesser Sanctions.

Courts evaluating these cases where the default is not the fault of the party seeking relief from default routinely determine no sanction is necessary. There are many, far less drastic sanctions and remedies available. <u>See</u>, *e.g.*, <u>Nilkanth</u>, *infra*, 2023 U.S. Dist. LEXIS 35750 at *14-15 (such as costs of obtaining the default).

## <u>CONCLUSION</u>

For the foregoing reasons, Merits prays this Court quash Plaintiff's purported service upon Merits pursuant to Fed. R. Civ. P. 4(h)(1)(A) and Rule 4(d)(8), SC RCP and Fed. R. Civ. P. 12(b)(4) and 12(b)(5), and/or, in the alternative, vacate the Entry of Default as to Merits pursuant to Federal Rule of Civil Procedure 55(c).

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV, Federal Bar #14068
Aimee A. Intagliata, Federal Bar #13847
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: (470) 419-6650
Facsimile: (470) 419-6651
lee.washburn@wilsonelser.com
aimee.intagliata@wilsonelser.com
***Attorneys for Defendant***
***Merits Health Products, Inc.***

July 15, 2024